UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON BURNS,

        Plaintiff,

v.                                                               Case No. 11-C-0132

JOSEPH ERTL, INC. D/B/A SCALE MODELS,

        Defendant.

## ORDER

    Plaintiff Jason Burns filed this action against his former employer, Defendant Joseph Ertl, Inc., alleging that he suffered harassment and discrimination on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983. Both claims stem from Burns' 21 days of employment for Ertl in September and October of 2005, in Dyersville, Iowa. Essentially, plaintiff alleges that defendant's lead supervisor used racial slurs and that plaintiff was unlawfully terminated for reasons pertaining to his race. The case is before the Court on the defendant's motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer venue to the Northern District of Iowa where Ertl is located.

    It is clear at the outset that the complaint fails to state a claim under 42 U.S.C. § 1983, since there is no allegation of state action, an essential element of such a claim. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 930 (1982) (describing the state action requirement as an element of a § 1983 claim); *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820

(7th Cir. 2009) ("Here, the Constitution requires state action which the plaintiffs have failed to effectively plead."). Accordingly, that claim will be dismissed on motion of the Court.

Turning to the defendant's motion, I first note that it is unopposed. Plaintiff's brief in opposition was due on July 22, 2011. *See* Civil L. R. 7(b). Plaintiff failed to file a brief in opposition by this date and has yet to file anything with this court. Accordingly, it appears that Plaintiff has waived any argument in opposition to the motion. *See Friemuth v. Fiskars Brands, Inc.*, 681 F. Supp.2d 985, 988 (W.D. Wis. 2010) ("Defendant has not responded to that argument, which operates as waiver.") (citing *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007)). Even aside from waiver, however, the defendant's motion to dismiss should be granted for lack of personal jurisdiction.

The defendant is a citizen of the State of Iowa. (Aff. of Jane McClean, Ex. A, ¶ 4.) Defendant is registered as an Iowa corporation with its corporate headquarters located in Dyersville, Iowa. (*Id.* ¶ 4.) Ertl does not own any property in Wisconsin or have any bank accounts in Wisconsin. (*Id.* ¶ 5.) Over the past three years, Ertl has sold a small number of its products in Wisconsin, but these sales approximate less than 3% of Ertl's total sales. (*Id.* ¶ 6.) While employed with Ertl, Plaintiff worked exclusively in Ertl's manufacturing facility in Dyserville, Iowa. (*Id.* ¶ 8.) Plaintiff never traveled to Wisconsin in connection with his employment with Ertl. (*Id.* ¶ 8.) None of the events giving rise to the claims against Joseph Ertl, Inc. occurred in Wisconsin. All of the events alleged in the Complaint occurred in Iowa. (Compl.¶ 4-12.)

Alternatively, dismissal is also appropriate for improper venue. Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(a)(1). Here, venue is not proper under § 1391(a)(1) in any district in Wisconsin because the

2

defendant does not reside in Wisconsin. Likewise, Plaintiff has failed to allege that a substantial part of the events or omissions giving rise to the claim occurred in Wisconsin, so venue is improper under 28 U.S.C. § 1391(a)(2). Finally, 28 U.S.C. § 1391(a)(3) does not apply because Defendant is not subject to personal jurisdiction in this district. Once a defendant raises an objection to venue, via Fed. R. Civ. P. 12(b) motion, "the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue." 14D WRIGHT MILLER COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3826 (citing *Grantham v. Challenge-Cook Bros., Inc.,* 420 F.2d 1182 (7th Cir. 1969)). Here, Defendant has properly raised an objection to venue but Plaintiff has not shown that venue in the Eastern District of Wisconsin is proper. Dismissal is therefore appropriate on the ground of improper venue as well as lack of personal jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's motion is granted and this Plaintiff's action is dismissed without prejudice pursuant to Rule 12(b)(1) and (3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over the defendant and improper venue.

Dated this __8th__ day of August, 2011.

                                                s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge